DAVID Z. FOSTER v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LYON.

No. 13,385. (74 Pac. 595.)

SYLLABUS BY THE COURT.

HIGHWAY—*Liability of County for Damages from Defective Bridge.* Where it is agreed in a contract of copartnership for operating a thrashing-machine that R. & R. shall furnish to the copartnership an engine of a certain kind and power, and an engine is furnished, and while moving the machinery over a bridge on a public highway, which by the negligence of the county commissioners has been permitted to become and remain in an unsafe condition for public travel, the engine falls through the bridge and is lost, and the copartnership thereby prevented from fulfill-

ing certain thrashing .contracts at a profit, it is *held*, that one of the partners who was not the owner of the engine and who had no property interest therein cannot recover from the county his lost profits on the thrashing contract.

Error from Lyon district court; DENNIS MADDEN, judge.   Opinion filed December 12, 1903.   Affirmed.

*J. G. Hutchison*, for plaintiff in error.

*W. T. McCarty*, and *Buck & Spencer*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :  David Z. Foster sued Lyon county to recover damages resulting to him from the loss of profits which he would have earned on certain thrashing contracts had it not been for the negligence of the board of county commissioners of said county in knowingly permitting a certain wagon bridge on the public highway over the Cottonwood river to become and remain out of repair and unsafe for public travel, by reason whereof it gave way while plaintiff was crossing with an engine and separator and precipitated the engine to the bottom of the river, thereby preventing him from fulfilling his contracts and depriving him of earning his profits.  The plaintiff was defeated in the court below and prosecutes this error.

It appears from the petition that in June, 1893, the plaintiff and A. G. Robb and J. A. Robb entered into a written contract of copartnership for thrashing grain during that season, the material part of which, and all that is necessary to an understanding of its application to this litigation, is as follows :

"ADMIRE, KAN., June 30, 1893.

"This contract, by and between A. G. Robb and

J. A. Robb, of the county and state above written, and David Z. Foster, of said county and state,

"Witnesseth : That the said A. G. Robb and J. A. Robb and David Z. Foster have agreed to and do enter into a general thrashing business for the year 1893, and the said A. G. and J. A. Robb are to furnish a fifteen-horse-power traction-engine, in good repair and running order, and the said David Z. Foster agrees to furnish a Minnesota Chief separator, in good repair and running order, with a wagon, elevator and loader attached.  And it is agreed that parties of the first part will put and keep said engine in good repair, and run the same during the thrashing season of 1893.  David Z. Foster is to furnish a team and man to haul water for engine, also two experienced feeders to feed and tend said machine."

It will be observed, from an examination of this contract, that the Robbs agreed to furnish a fifteen-horse-power traction-engine, in good repair and running order, to be operated during the thrashing season. The engine that went through the bridge was the property of the Robbs, and at the time it was lost was being used and operated in carrying on the thrashing business.  It was not, however, the contract on the part of the Robbs that they were to furnish this particular engine.  The contract was that they should furnish an engine of a certain kind and power, in good running order ; therefore, plaintiff had no interest or property in this particular engine.  If this engine had been defective the plaintiff could have required the Robbs to put it in order or furnish another, and neglect or refusal to perform such duty would have made them liable for damages ; or if the engine had been blown up while being operated, without the fault of plaintiff, the Robbs, upon demand, would have been compelled to furnish another or respond in damages.  They could not be heard to say that under the

contract they were to furnish only this particular en-
gine.   Conceding, then, that the county was so neg-
ligent in keeping this bridge in repair that it would
have been liable for the anticipated profits to the
owner of the engine, or to another who had some spe-
cial interest or ownership therein, the contract of
partnership disproves any such property interest in
the plaintiff.   If the plaintiff could recover in this ac-
tion, the farmer who lost his grain by,reason of the
delay of plaintiff occasioned by the loss of this engine
could also recover from the county.   He sustained
about the same property relation to this engine that
the plaintiff did.

There is no question of proximate or remote damage
involved.   The plaintiff had no interest in the engine
and was not entitled to recover in the action upon any
theory.

The judgment of the court below is affirmed.

All the Justices concurring.